UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                          Case No. 3:25-cr-78

        Plaintiff,

v.                                                                 MEMORANDUM OPINION
                                                                             AND ORDER

Shane Anthony Harmon,

        Defendant.

## I. INTRODUCTION

Defendant Shane Anthony Harmon moves to dismiss the indictment against him, in which he is charged with one count of possessing a firearm after being convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8). (Doc. No. 18). The government filed a brief in opposition, (Doc. No. 22), and Harmon filed a brief in reply. (Doc. No. 23). For the reasons stated below, I deny Harmon's motion.

## II. BACKGROUND

In January 2021, Harmon was charged in the Defiance County, Ohio Court of Common Pleas with one count of domestic violence, in violation of Ohio Revised Code §§ 2919.25(A) and (D)(3), a felony of the fourth degree. *See State of Ohio v. Shane A. Harmon*, Case No. 21-CR-14204. Harmon had been arrested after causing his live-in girlfriend to suffer a wrist injury when Harmon threw her to the ground. (*See* Doc. No. 22 at 2). Prosecutors agreed to amend the charge to one count of domestic violence, in violation of Ohio Revised Code §§ 2919.25(A) and (D)(2), a first-degree misdemeanor. (*See* Doc. No. 22-3 at 4-5). Harmon then pled guilty to the charge as

amended and was sentenced to a suspended term of six months in jail and one year of supervised probation. (*Id.* at 5-7).

Approximately four years later, on January 23, 2025, Harmon allegedly possessed four firearms, knowing he had previously been convicted of the misdemeanor domestic violence offense. (Doc. No. 1 at 1). Harmon was charged with violating §§ 922(g)(9) and 924(a)(8). (*Id.*).

### III. ANALYSIS

Harmon argues § 922(g)(9) is unconstitutional as applied to him.[1] (*See* Doc. No. 18 at 3-9). He argues the government should bear the burden of proving he is dangerous and therefore may be permanently prohibited from possessing firearms and, in the alternative, argues that his personal and criminal history does not demonstrate that he is dangerous.

As Harmon notes, I previously concluded that the Sixth Circuit likely would apply the as-applied-challenge framework for constitutional challenges to 18 U.S.C. § 922(g)(1) announced in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024), to as-applied challenges to § 922(g)(9). *See United States v. Peppers*, Case No. 3:24-cr-87, 2024 WL 5202640, at *1-3 (N.D. Ohio Dec. 23, 2024). I note Harmon's objection for the record but conclude it is his burden to show § 922(g)(9) is unconstitutional as applied to him for the same reasons I reached that conclusion in *Peppers*.

The Sixth Circuit's decision in *Williams* requires courts evaluating an as-applied challenge to § 922(g)(1) to permit the defendant to offer evidence of his "specific characteristics," based on his "entire criminal record," to disprove his presumed dangerousness. *Williams*, 113 F.4th at 657. Applying this framework to the § 922(g)(9) charge in this case, I conclude Harmon has not met his burden.

---

[1] Harmon also raises a facial challenge to the constitutionality of § 922(g)(9), expressing disagreement with the Sixth Circuit's rejection of a facial challenge to that statute in *United States v. Gailes*, 118 F.4th 830 (6th Cir. 2024). (*See* Doc. No. 18 at 9). But, as Harmon concedes, *Gailes* is binding on district courts within the Sixth Circuit and, therefore, I deny his motion to dismiss on this basis.

Harmon has at least one qualifying conviction under § 922(g)(9) – his 2021 guilty plea to a misdemeanor charge of domestic violence, in violation of Ohio Revised Code §§ 2919.25(A) and (D)(2). Harmon also was convicted of assault in 1998, and he has a previous domestic violence conviction from 2000. (*See* Doc. No. 21 at 4-5) (filed under seal). The *Williams* court noted "there is little debate that violent crimes [such as these] are at least strong evidence that an individual is dangerous, if not totally dispositive on the question." *Williams*, 113 F.4th at 658.

Harmon attempts to discount his 1998 assault and his 2000 domestic violence convictions, observing they occurred nearly 25 years prior to the events leading to his current charge. (*See* Doc. No. 18 at 8). But the record – particularly Harmon's 2021 domestic violence conviction, which occurred when he was 43 years old – does not support an inference that those incidents were merely the product of youthful indiscretions.[2] Moreover, Harmon has eight other criminal convictions, dating from a disorderly conduct conviction in 1996 to an income tax violation for which he was ordered to pay fines and court costs in 2013.[3] Harmon's frequent contacts with the criminal justice system evidence a longstanding disregard for the law.

Harmon also argues I should conclude he is not dangerous because he (1) is a longtime resident of his community, (2) maintains regular contact with his family, (3) does not abuse

---

[2] The government argues I also should consider Harmon's July 2025 arrest and subsequent indictment on felony charges of strangulation and domestic violence, noting Harmon was on pretrial release when this incident occurred. (Doc. No. 22 at 10-11). But I only may take "judicial notice of a fact . . . when there is no dispute regarding that fact." *Scotty's Contracting and Stone, Inc. v. United States*, 326 F.3d 785, 789 n.1 (6th Cir. 2003) (citation omitted). While I may take judicial notice of the fact that Harmon has been indicted, I may not take judicial notice of the substance of the allegations against him because those allegations remain disputed.

[3] In addition to his assault conviction and his two domestic violence convictions, Harmon was convicted of: (1) disorderly conduct in August 1996; (2) possessing drug paraphernalia in September 1996; (3) reckless operation of a motor vehicle in February 1998; (4) underage consumption of alcohol and theft in April 1998; (5) menacing in January 2001; (6) income tax violations in September 2012; (7) disorderly conduct in May 2013; and (8) income tax violations in October 2013. (Doc. No. 21) (filed under seal).

substances; (4) has no formal mental health diagnoses, and (5) maintained long-term employment. (Doc. No. 18 at 7-8). While I acknowledge the value of these attributes, both on their own and taken together, they are not sufficient to meet Harmon's burden to show that the "class-wide presumption" of dangerousness, which attaches by virtue of his prior domestic violence convictions under § 2919.25(A), "doesn't apply" to him. *Williams*, 113 F.4th at 657. *See also Gailes*, 118 F.4th at 827-30.

## IV. CONCLUSION

For the reasons stated above, I deny Defendant Shane Anthony Harmon's motion to dismiss. (Doc. No. 18).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge